IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

LEONARDO VEGA REYES,          §
                              §
        *Petitioner*,         §
                              §
v.                            §
                              §          CIVIL ACTION NO. 9:26-CV-00221
U.S. DEPARTMENT OF JUSTICE; U.S.   §      JUDGE MICHAEL J. TRUNCALE
ATTORNEY GENERAL PAMELA BONDI;     §
U.S. DEPARTMENT OF HOMELAND        §
SECURITY; KRISTI NOEM SECRETARY OF §
UNITED STATES DEPARTMENT OF        §
HOMELAND SECURITY; U.S.            §
IMMIGRATION AND CUSTOMS            §
ENFORCEMENT; TODD LYONS, ICE       §
ACTING DIRECTOR; GABRIEL MARTINEZ, §
ACTING FIELD OFFICE DIRECTOR OF    §
HOUSTON ICE FIELD OFFICE; ALEXANDER §
SANCHEZ, WARDEN OF IAH SECURE      §
DETENTION FACILITY,                §
                              §
        *Respondents*.        §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Leonardo Vega Reyes (Vega Reyes)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Vega Reyes is a Mexican national who entered the United States in 1988. [Dkt. 1 at ¶ 1]. On November 25, 2025, United States Immigration and Customs Enforcement (ICE) detained Vega Reyes. *Id.* at ¶ 5.

On March 10, 2026, Vega Reyes brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution and the Suspension Clause. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

1

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Vega Reyes argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Vega Reyes were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Vega Reyes's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Vega Reyes's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Vega Reyes's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Vega Reyes's being

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Vega Reyes's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Vega Reyes's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Vega Reyes to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. Suspension Clause

Vega Reyes further argues that the Government has violated the Suspension Clause, found in Article I of the United States Constitution. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *U.S. v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807) ("If at any time the public safety should require the suspension of the [writ], it is for the legislature to say so."); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. *See* 8 U.S.C. § 1225. Accordingly, no suspension-clause violation has occurred.

## IV. CONCLUSION

It is therefore **ORDERED** that Vega Reyes's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**

Michael J. Truncale
United States District Judge

4